■ MABEL REID, Respondent, v. WILLIAM T. MAPP et al., Appellants.— In an action by a passenger in a motor vehicle to recover damages for personal injuries sustained when said vehicle struck the rear of another motor vehicle, the appeal is from a judgment entered after trial before the court without a jury in favor of the passenger against the owners and operators of the vehicles. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ ROBERT F. SCHNEIDER, an Infant, by His Guardian ad Litem, JOSEPH SCHNEIDER, et al., Appellants, v. TOWN OF OYSTER BAY, Respondent.— In an action by an infant to recover damages for personal injuries and by his father for medical expenses and loss of services, the appeal is from a judgment entered on a jury verdict dismissing the complaint. The infant, who entered the water at a beach maintained by respondent on Oyster Bay, was injured when he fell, allegedly because of a change in the grade of the bed of the bay. Judgment unanimously affirmed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ WILLIAM TERNER, Respondent, v. GERALD GOLDWASSER et al., Appellants.— In an action by the purchaser under a contract for the sale of real property to recover the down payment and the cost of searching title, the appeal is from a judgment in favor of the purchaser entered after trial before the court without a jury. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ. [13 Misc 2d 524.]

■ THOMAS THOMASIAN, Respondent, v. ESSO STANDARD OIL COMPANY, Appellant.— In an action by an owner of real property to recover damages claimed to have arisen from a failure to deliver oil in accordance with an alleged contract for automatic delivery, the appeal is from a judgment of the City Court of Mount Vernon entered on a jury verdict in favor of the property owner. Judgment reversed and a new trial ordered, with costs to abide the event. There was no evidence on behalf of respondent as to what an oil burner service man, called by the steamfitter, engaged by respondent, found on December 27, 1955. From appellant's evidence it appeared that there were 388 gallons of oil in the tank before the delivery of December 28, 1955. Under the circumstances it is our opinion that the finding implicit in the verdict that the oil burner did not function because of lack of oil is against the weight of the evidence. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ AMY P. TUTTLE, Appellant, v. STATE TAX COMMISSION, Respondent.— In an action for a judgment declaring, *inter alia,* that a tax assessment was illegally imposed, the appeal is from an order dismissing the complaint for insufficiency. Order unanimously affirmed, without costs. No opinion. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ,